IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRELL CATO; JEFFREY BIGGS; MARGEE
WILLIAMS; and MARIO MALLETT, each individually
and on behalf of all others similarly situated                    PLAINTIFFS

v.                                   No. 2:16-CV-02202

OK FOODS, INC.                                                  DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiffs' motion to remand (Doc. 14).  Plaintiffs have filed a brief in

support (Doc. 15), Defendant OK Foods, Inc. ("OK Foods") has filed a response (Doc. 16), and

Plaintiffs have filed a reply (Doc. 18) with leave of Court.  This case was removed from the Circuit

Court of Sebastian County, Arkansas pursuant to the Class Action Fairness Act ("CAFA"), 28

U.S.C. § 1332(d).  Plaintiffs argue that the Court does not have subject matter jurisdiction under

CAFA, and that even if the Court did have subject matter jurisdiction, remand is appropriate under

the discretionary provisions of 28 U.S.C. § 1332(d)(3).

OK Foods removed this action on August 17, 2016.  When the state Court complaint was

filed and at the time of removal, OK Foods was an Arkansas corporation with its principal place

of business in Arkansas, and it is therefore a citizen of Arkansas.  28 U.S.C. § 1332(c)(1); (Docs.

7 at ¶ 7; 8 at ¶ 8).  Plaintiffs argue that all Plaintiffs and proposed class members are also citizens

of Arkansas, and so the minimal diversity of citizenship sufficient under CAFA to vest original

jurisdiction in this Court does not exist in this case.  Under CAFA,

> [t]he district courts shall have original jurisdiction of any civil action in which the
> matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
> and costs, and is a class action in which—
> (A) any member of a class of plaintiffs is a citizen of a State different from any
>       defendant;
> (B) any member of a class of plaintiffs is a foreign state or citizen or subject of a

1

foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a
foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

The Court's analysis of the determinative authority on this issue begins and ends with the text of CAFA.  Because OK Foods is a citizen only of the State of Arkansas, this case is removable, if at all, under either § 1332(d)(2)(A) or (B).  To be removable under those subsections, "any member of a class of plaintiffs" must be a citizen of a state other than Arkansas or a foreign state or foreign state citizen.  CAFA defines "class" as "all of the class members in a class action."  28 U.S.C. § 1332(d)(1)(A).  Terms within that definition are further defined by CAFA.  The term "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  The term "class members" is defined as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1332(d)(1)(D).  There is no dispute that this is a "class action" as defined in § 1332(d)(1)(B), and that it is a "proposed," rather than "certified," class.  On the basis of these definitions, to be removable under either § 1332(d)(2)(A) or (B), any of the persons (named or unnamed) who fall within the definition of the proposed class in this class action must be a citizen of somewhere other than Arkansas.  Therefore, the Court must look to the definition of the proposed class to determine whether original jurisdiction exists.  *Cf. Standard Fire Ins. Co. v. Knowles*, --U.S.--, 133 S.Ct. 1345, 1348 (2013) (similarly focusing on definition of proposed class in analyzing existence of original jurisdiction).

The definition of the proposed class is presented in the prayer for relief of the complaint filed in state court.  Plaintiffs' proposed class is defined as:

2

> All hourly, nonexempt production employees, excluding employees who only worked in the supply and cooler departments, who were, are, or will be employed at Defendants' Fort Smith production facilities at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action *and who are citizens of the state of Arkansas.*

(Doc. 7, p. 12) (emphasis added).

"Class members" in this class action are presently limited to citizens of the state of Arkansas. By definition, there can be no minimal diversity between any class member and OK Foods. Under CAFA, the Court does not have original jurisdiction over this action. Because the Court does not have original jurisdiction over this action, it declines to analyze whether either the mandatory or the discretionary exceptions to exercise of that jurisdiction might apply in this case.

OK Foods may present its arguments regarding whether the proposed class can be certified as defined to the state court on remand. *Accord Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 604 n.2 (D.N.J. 2016) ("To the extent Defendant seeks to attack the appropriateness of the class definition, it will have ample opportunity to do so at the class certification stage."). Were this Court to reach that issue on the instant motion, it would subvert a balance intended in part to "eliminate[] the incentive for defendants to file protective removals." *Gibson v. Clean Harbors Environmental Svcs., Inc.*, --F.3d--, 2016 WL 6156037, *4 (8th Cir. Oct. 24, 2016). If the state court's class certification order, or some "amended pleading, motion, order, or other paper," allows OK Foods to ascertain that the case has become removable, it may remove then. *Id.* at *2. Should that time come, Plaintiffs may resurrect their arguments that mandatory or discretionary exceptions to original jurisdiction should apply, supported with sufficient jurisdictional facts regarding class citizenship. *See Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263 (8th Cir. 2015).

IT IS THEREFORE ORDERED that Plaintiffs' motion to remand (Doc. 14) is GRANTED,

and this case is REMANDED to the Circuit Court of Sebastian County, Arkansas.

IT IS FURTHER ORDERED that Defendant OK Foods' motion to compel arbitration (Doc. 20) is TERMINATED, as the Court does not have jurisdiction over this matter.

IT IS SO ORDERED this 10th day of November, 2016.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE